ANNIE TEITELBAUM, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.— In an action to recover under a policy of life insurance, plaintiff appeals from the order denying her motion to strike out the defendant's three separate defenses, pursuant to rule 109 of the Rules of Civil Practice. Order affirmed, with ten dollars costs and disbursements. The defenses are clearly sufficient in law. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

PERLE WARD, Respondent, v. JAMES WILSON RILEY, Appellant, and Others, Defendants.— On appeal from an order granting an examination of defendant James Wilson Riley before trial and an examination of his wife without the State as a witness for the plaintiff, with discovery and inspection of their records, in an action seeking the impressment of a trust upon property alleged to have been transferred by the plaintiff, order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

GEORGE R. WAGNER, Appellant, v. HELENA WAGNER, Respondent.— In an action to recover damages for injuries resulting from a fall through an opening in a floor of an untenanted dwelling, alleged to have been caused by the defendant's failure to apprise the plaintiff of the danger at the time she requested him to perform services which exposed him to the danger, order setting aside the verdict and granting a new trial unanimously affirmed, with costs to abide the event. In our opinion, it was within the discretion of the trial court to set aside the verdict as against the weight of evidence on the record here presented. Although the trial court's memorandum predicates the setting aside of the verdict on another ground, the order itself recites that the verdict was against the weight of the evidence, in addition to the other ground urged on the motion and mentioned in the memorandum. We are further of opinion that the status of the insurance company, as revealed on the trial, afforded no basis for a new trial, as respondent's counsel not only waived objections to the alleged injection of that issue into the case, but tried the case on the theory that his actual client was the insurance company, which the plaintiff and the ostensible defendant jointly were endeavoring to mulct in damages. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

ELIZABETH WHALEY, Respondent, v. LEO DIKMAN and Another, Defendants, and GEORGE BECK and ANDREW MULLER, Appellants.— Order denying motion to dismiss the action for failure to prosecute affirmed, without costs. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.